IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HUDSON FRANCIS, JR.,<br>                    Plaintiff,<br>  vs.<br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br>                    Defendant. | Case No. 2:02-cv-00402-JKS<br><br>O R D E R |

      Plaintiff has moved for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket Nos. 31–33. The motion is opposed. Docket No. 34.

      Pursuant to 42 U.S.C. §§ 405(g) and 1383(c), Francis sought judicial review of a final decision of the Commissioner of Social Security denying his May 1997 application for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 402, *et seq.*, 1381, *et seq.* This Court found Francis's position persuasive and granted the motion for summary judgment, reversed the decision of the Commissioner to deny benefits, and remanded the action for the immediate payment of benefits. Docket Nos. 29 (Order); 30 (Judgment).

      Plaintiff's motion for attorney fees is brought on the grounds that, having obtained a judgment reversing and remanding the administrative decision of the Commissioner for the payment of benefits under the Act, Francis is a prevailing party within the meaning of the EAJA, and that the Commissioner cannot meet her burden of proving that her position was substantially justified. The Commissioner, on the other hand, argues that the motion for attorney fees should be

1

dismissed as untimely.  Alternatively, the Commissioner believes the amount requested, $18,690.02, is excessive and should be reduced by one-fifth to a more reasonable amount of $3,738.12.

The EAJA provides:

(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

(B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .

28 U.S.C. § 2412(d)(1)(A), (B).  The Supreme Court has interpreted this statute as follows:

[. . .] Congress' use of "judgment" in 28 U.S.C. § 2412 refers to judgments entered *by a court of law*, and does not encompass decisions rendered by an administrative agency.  Accordingly, we hold that a "final judgment" for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received.  The 30-day EAJA clock begins to run after the time to appeal that "final judgment" has expired.

*Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) (emphasis in original).

It is clear that the Judgment entered by this Court, as the "court before which the civil action [was] pending," at Docket No. 30 was the final judgment contemplated by 28 U.S.C. § 2412(d), as explained in *Melkonyan*, 501 U.S. at 94.  Further, in petitions such as this, brought pursuant to 42 U.S.C. §405(g), sentence four, the EAJA filing period begins after the court enters its final judgment and the appeal period has run, so that the judgment is no longer appealable.  *Id*. at 102 (referring to 28 U.S.C. § 2412(d)(2)(G)); *see also Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995).

The Order remanding the case for immediate payment of benefits and Judgment terminating jurisdiction over the case were entered October 28, 2004.  At this point, either party would have 60 days to appeal.  *See* 42 U.S.C. § 405(g); *and* Fed. R. App. P. 4(a)(1)(B).  The 60 days to appeal the Judgment in this case expired on December 27, 2004.  The 30 days permitted by the EAJA to apply for attorney fees would have ended January 26, 2005.  Plaintiff's motion for attorney fees was filed February 1, 2005, Docket No. 31, with an amended declaration filed two days later, February 3,

ORDER

2005, Docket No. 33.  Accordingly, Plaintiff's motion for attorney fees fell short of the filing deadline by five days.

The question then becomes whether the untimely filing is fatal to the request.  The government suggests that it is, reasoning that the EAJA is a limited waiver of sovereign immunity and, accordingly, the "shall, within thirty days" language must be strictly construed.  Other sources seem to agree.  *See Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) (denial of untimely fee applications filed more than three months after the EAJA thirty day deadline was upheld on appeal because the deadline is "jurisdictional"); *also* 7 Emp. Coord. Employment Practices § 77:121 ("The time limitations for submitting applications for an award of attorney's fees are strictly construed.  The 30-day time limit for submitting an application is jurisdictional . . .").

A recent Supreme Court case, however, casts some doubt on the above reasoning. *Scarborough v. Principi*, 541 U.S. 401, 423 (2004) held that a timely filed EAJA fee application may be amended, out of time, to comply with statutory requirements.  Although *Scarborough* was not dealing with a late-filed fee application, the opinion contains the following language:

> We clarify, first, that the question before us – whether Scarborough is time barred by § 2412(d)(1)(B) from gaining the fee award authorized by § 2412(d)(1)(A) – does not concern the federal courts' "subject-matter jurisdiction." Rather, it concerns a mode of relief (costs including legal fees) ancillary to the judgment of a court that has plenary "jurisdiction of [the civil] action" in which the fee application is made.  [. . .]  Accordingly, . . . the provision's 30-day deadline for fee applications and its application-content specifications are not properly typed "jurisdictional."

541 U.S. at 413–14.

Other courts have found *Scarborough* precedential with regard to relaxing the thirty day time limit to submit a fee application imposed by the EAJA.  *See Townsend v. Comm'r of Social Security*, 415 F.3d 578 (6th Cir. 2005) (concluding that, based on *Scarborough*, the EAJA time limitation for fee applications is subject to equitable tolling); *also* 20 No. 9 Federal Litigator 13 (advising that *Scarborough* left open the question of whether the EAJA filing period subject to equitable tolling and recommending that excusable neglect may be a more plausible claim when a filing deadline has been missed).

ORDER

F:\HOME\JUDGES\DOCS\SHARED\CV\E.D. Cal\Sac\S-02-0402.002.wpd         3

The Ninth Circuit has not addressed the issue specifically presented here.  However, it is likely that this Court would be advised to make some effort to discern whether or not the missed filing deadline was a result of excusable neglect.  *Cf.  Pioneer Inv. Services, Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993) (attorney's failure to file by deadline may be excused if surrounding circumstances deem it equitable); *and Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (weighing of *Pioneer's* equitable factors left to the discretion of the district court in every case).  The factors to consider include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was withing the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.  *Pioneer*, 504 U.S. at 395; *Pincay*, 389 F.3d at 855.

Before ruling on the motion for fees, the Court requests further briefing from the Plaintiff on the issue of excusable neglect in filing his motion for attorney fees after the deadline required by the EAJA.  The supplemental brief is due no later than **Thursday, November 30, 2006**.  A response, if any, is due **Thursday, December 7, 2006**.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 15th day of November 2006.

                                                      /s/ James K. Singleton, Jr.
                                                      **JAMES K. SINGLETON, JR.**
                                                      United States District Judge