IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HUDSON FRANCIS, JR.,<br><br>                  Plaintiff,<br><br>   vs.<br><br>LINDA S. MCMAHON,[1] Commissioner of Social Security,<br><br>                  Defendant. | Case No. 2:02-cv-00402 (JKS)<br><br>O R D E R |

       Plaintiff has moved for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Docket Nos. 31–33. The motion is opposed. Docket No. 34. The Defendant points out that the motion was filed five days late. Believing that the statutory time limit may be subject to excusable neglect in this case, the Court requested further briefing on that issue. Docket No. 35. The Plaintiff has responded. Docket No. 37.

       Plaintiff's counsel asks that the late filing of the EAJA petition should be permitted based on an equitable determination of excusable neglect. This Court agrees. The facts of this case comport with the criteria set forth by the Supreme Court in *Pioneer Inv. Services, Co. v. Brunswick Associates Ltd. P'ship.*, 507 U.S. 380 (1993) and reiterated by the Ninth Circuit in *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). The filing delay was only five days and did not impact judicial proceedings in this case. The short delay also did not prejudice the Defendant. Finally,

---

   [1] On January 20, 2007, Linda S. McMahon became the Acting Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit.

1

counsel for Mr. Francis at the time accepts responsibility for the untimely filing and the Court accepts her declaration and believes that all her actions were made in good faith. *See* Docket No. 37, Exhibit 2, Mitchell Declaration. Therefore, the motion for fees will not be denied for its untimeliness.

The Commissioner makes an alternate objection—that the amount requested is excessive and should be reduced. As the Commissioner points out, when determining whether a fee is reasonable, the Court should consider the hours expended, the reasonable hourly rate, and the results obtained. *See Comm'r of INS v. Jean*, 496 U.S. 154, 161–163 (1990). The fee request is $18, 690.02 for 125.6 hours of work. The Commissioner believes that the same work could have been done in one-fifth the time and would, accordingly, reduce the fee request by the same amount, to
$3, 738.12.

The Court has reviewed the motion and supporting papers of Plaintiff's counsel. While some of the time spent may be a bit lengthy, the Court is unwilling to deem it unreasonable. Further, the Commissioner has not challenged Plaintiff counsel's cost of living adjustments for her hourly rates in 2002, 2003, 2004, and 2005. Therefore, the motion at **Docket No. 31** is **GRANTED**. Attorney fees in the amount of $18, 690.02 are awarded.

Dated this 13th day of February 2007.

> /s/ James K. Singleton, Jr.
> **JAMES K. SINGLETON, JR.**
> United States District Judge

ORDER

2